**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4460**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FRED DESHAWN EDWARDS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Bruce H. Hendricks, District Judge. (7:16-cr-00928-BHH-1)

Submitted: January 30, 2018                    Decided: February 1, 2018

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred Deshawn Edwards pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Edwards to 70 months' imprisonment, to be followed by a 3-year term of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking review of Edwards' sentence without asserting any specific challenge to its reasonableness. Although advised of his right to file a pro se supplemental brief, Edwards has not done so. The Government has declined to file a response. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. White*, 810 F.3d 212, 229 (4th Cir. 2016). In doing so, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *White*, 810 F.3d at 230 (internal quotation marks omitted).

We have reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range to be 70 to 87 months in prison and sufficiently explained the selected

2

sentence, which was at the bottom of that range. Furthermore, Edwards' within-Guidelines sentence is presumptively substantively reasonable, and nothing in the record suggests a basis on which this presumption could be rebutted.

We have examined the entire record in accordance with the requirements of *Anders* and found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Edwards, in writing, of the right to petition the Supreme Court of the United States for further review. If Edwards requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Edwards. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*